IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )  No. CR-18-066-SLP |
| | ) |
| CHRISTOPHER THOMAS CAPLINGER, | ) |
|    a/k/a UC-Cop, | ) |
|    a/k/a Vires, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLEA AGREEMENT

### Introduction

1. This document, in conjunction with a Supplement filed contemporaneously under seal, contains the entire plea agreement between defendant, Christopher Thomas Caplinger, and the United States through its undersigned attorney. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this agreement is hereby rejected by the United States. This agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth. This agreement binds only the United States Attorney's Office for the Western District of Oklahoma and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. If defendant does not accept the terms of this agreement by **October 24, 2018**, the offer is withdrawn.

## Guilty Plea

2. Defendant agrees to enter a plea of guilty to Count 7 of the Indictment in Case Number CR-18-066-SLP. Count 7 charges the defendant with manufacturing of anabolic steroids, Schedule III controlled substances, in violation of 21 U.S.C. § 841(a)(1). To be found guilty of violating 21 U.S.C. § 841(a)(1), as charged in the Indictment, defendant must admit, and does admit, that: (1) he knowingly and intentionally manufactured anabolic steroids; and (2) the substance was in fact anabolic steroids.

Defendant agrees to enter a plea of guilty to Count 9 of the Indictment in Case Number CR-18-066-SLP. Count 9 charges the defendant with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). To be found guilty of violating 18 U.S.C. § 1956(h), as charged in the Indictment, defendant must admit, and does admit, that: (1) he agreed to violate federal money laundering laws with others as charged; (2) he conducted financial transactions affecting interstate commerce, knowing that the funds were the proceeds of illegal activity in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1); (3) he knew the essential objective of the conspiracy; (4) he knowingly and voluntarily involved himself in the conspiracy; and (5) there was interdependence among the members of the conspiracy.

## Maximum Penalty, Restitution, and Special Assessments

3. The maximum penalty that could be imposed as a result of this plea to Count 7 of the Indictment is not more than 10 years' imprisonment, or a fine of $500,000.00, or both such fine and imprisonment, as well as a mandatory special assessment of $100.00, and a term of supervised release of not less than 2 years.

The maximum penalty that could be imposed as a result of this plea to Count 9 of the Indictment is 20 years' imprisonment, or a fine of $500,000.00, or both such fine and imprisonment, as well as a mandatory special assessment of $100.00, and a term of supervised release of not more than 3 years.

In addition to the punishment described above, a plea of guilty can affect immigration status. If defendant is not a citizen of the United States, a guilty plea may result in deportation and removal from the United States, may prevent him from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization.

4. In addition, the Court must order the payment of restitution to any victim(s) of the offense. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A, the parties further agree that, as part of the sentence resulting from defendant's plea, the Court will enter an order of restitution to all victims of defendant's relevant conduct as determined by reference to the United States Sentencing Guidelines.

5. Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

6. For certain statutory offenses, the Court must also impose a term of supervised release, which defendant will begin to serve after being released from custody. For all other offenses, the Court may impose a term of supervised release to be served following release from custody. During the term of supervised release, defendant will be

subject to conditions that will include prohibitions against violating local, state, or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If defendant violates the conditions of his supervised release, the Court may revoke his supervised release and sentence him to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time defendant successfully spent on supervised release. When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

## Forfeiture

A.  Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest, if any, to any and all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853. Those assets include:

1. A money judgment in the amount of $740,000.00, representing the amount of proceeds obtained as a result of the offense;

2. Approximately $280,703.00 in U.S. currency;

3. Approximately $6,840.00 in U.S. currency; and

4. Approximately $200.00 in U.S. currency.

B.  The defendant understands and agrees that the forfeiture of the $740,000.00 will take the form of a money judgment against him for that amount.

C.  Defendant agrees that forfeiture of substitute assets as authorized herein and pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of Defendant's sentence.

D.  Defendant agrees each of the listed assets were involved in, are the proceeds

of, or were used to facilitate the unlawful violation(s) to which he is pleading guilty.

  E. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding, and further waives any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture or disposition of assets by the United States, the State of Oklahoma, or its subdivisions. Defendant knowingly and voluntarily consents to the entry of a final order of forfeiture before sentencing as to defendant's interest in the assets.

  F. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with the forfeiture provided for herein.

  G. Forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

  H. Defendant agrees not to file a claim to any of the listed property, or otherwise contest forfeiture, in any civil, administrative, or judicial proceeding, and agrees not to assist others in filing a claim, or otherwise contesting forfeiture, in any forfeiture proceeding which may be initiated.

  I. Defendant hereby waives his right to notice of any forfeiture proceeding involving the listed property.

  J. Defendant voluntarily waives his right to assert a claim to any right, title, and/or interest in and to all property listed in the Indictment and Bill of Particulars in order

that disposition may be made by the appropriate federal, state or local law enforcement agency.

### Sentencing Guidelines

7. The parties acknowledge that 18 U.S.C. § 3553(a), directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. Based upon the information known to the parties on the date this agreement is executed, they expect to take, but are not limited to, the following positions at sentencing:

The parties agree defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a), if he commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all of the other terms of this agreement. Further, to the extent the Court finds defendant qualifies for that 2-level downward adjustment and USSG § 3E1.1(b) is applicable, the government agrees to move for the additional 1-level downward adjustment of § 3E1.1(b), if defendant accepts the terms of this plea agreement by the deadline established in Paragraph 1.

The parties stipulate and agree that at least 60,000 doses of anabolic steroids is attributable to the defendant (Offense Level 20).

The parties also stipulate and agree that the amount of money involved in the money laundering conspiracy as to the defendant is more than $250,000.00, pursuant to USSG § 2B1.1(b)(1)(G).

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.

The parties have entered into this plea agreement under the provisions of Rule 11(c)(1)(A) & (B). Defendant acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or defendant. And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow defendant to withdraw his plea of guilty. Upon defendant's signing of this plea agreement, the United States intends to end its investigation of the allegations in the Indictment as to defendant, except insofar as required to prepare for further hearings in this case, including but not limited to sentencing, and to prosecute others, if any, involved in defendant's conduct. The United States agrees to end any investigation directed specifically at the foregoing stipulations, agreements, or recommendations as to defendant. However, subject to the terms and conditions of this plea agreement (particularly the Plea Supplement), the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of its investigation subsequent

to the signing of this agreement or arises from sources independent of the United States, including the U.S. Probation Office.

### Waiver of Right to Appeal and Bring Collateral Challenge

8. Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining his sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. Defendant further understands that 28 U.S.C. § 1291, and 18 U.S.C. § 3742, give him the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, and in exchange for the promises and concessions made by the United States in this plea agreement, defendant knowingly and voluntarily waives the following rights:

   a. Defendant waives his right to appeal his guilty plea, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

   b. Except as stated immediately below, defendant waives his right to appeal his sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined. If the sentence is above the advisory guideline range determined by the Court to apply to his case, this waiver does not include the defendant's right to appeal specifically the substantive reasonableness of his sentence;

   c. Defendant waives his right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) his

8

conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel.

Defendant acknowledges that these waivers remain in full effect and are enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.

9. Except as stated immediately below, the United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined. If the sentence is below the advisory guideline range determined by the Court to apply to this case, this waiver does not include the right of the United States to appeal specifically the substantive reasonableness of the sentence.

### Waiver of Claim to Prevailing Party Status

10. Defendant expressly acknowledges that he is not a "prevailing party" within the meaning of 18 U.S.C. § 3006A with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. If defendant is represented by retained counsel, he voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under 18 U.S.C. § 3006A.

### Waiver of FOIA and Privacy Act Rights

11. Defendant waives all rights, whether asserted directly or by a representative, to request of or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including but not

limited to records that defendant may seek under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

### Obligations of Defendant

12. Defendant shall commit no further crimes. It is understood that, should defendant commit any further crimes or should it be determined that he has knowingly given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this agreement, the United States may declare this agreement null and void and prosecute defendant for any and all his federal criminal violations, including perjury and obstruction of justice. Any prosecution within the scope of this investigation that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be brought against defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of that prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

13. The parties also recognize that if the Court determines defendant has violated any provision of this agreement or authorizes defendant to withdraw from his knowing and voluntary guilty plea entered pursuant to this agreement: (a) all written or oral statements made by defendant to the Court or to federal or other designated law enforcement agents, any testimony given by defendant before a grand jury or other tribunal, whether before or after the signing of this agreement, and any leads from those statements or testimony, shall be admissible in evidence in any criminal proceeding brought against

defendant; and (b) defendant shall assert no claim under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule or law that those statements or any leads from those statements should be suppressed. Defendant knowingly and voluntarily waives the rights described in this paragraph as of the time he signs this agreement.

### The Obligations of the United States

14.  If defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, the United States will move to dismiss at sentencing Counts 1, 2, 3, 4, 5, 6, 8, 10-21, and 23 of the Indictment filed on March 20, 2018, in Case No. CR-18-066-SLP as to the defendant, and he will not be further prosecuted by the United States Attorney's Office for the Western District of Oklahoma for any crimes related to his participation in manufacturing and distribution of anabolic steroids or money laundering during the period from on or about February 11, 2014, through on or about November 29, 2017. This agreement does not provide any protection against prosecution for any crime not specifically described above.

15.  It is understood that the sentence to be imposed upon defendant is within the sole discretion of the Court. The United States does not make any promise or representation as to what sentence defendant will receive. The United States reserves the right to inform the Probation Office and the Court of the nature and extent of defendant's activities with respect to this case and all other activities of defendant, which the United States deems relevant to sentencing.

## Signatures

16. By signing this agreement, defendant acknowledges that he has discussed its terms with his attorney and understands and accepts those terms. Further, defendant acknowledges that this document, in conjunction with the Plea Supplement filed contemporaneously under seal, contains the only terms of the agreement concerning his plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this 24th day of October, 2018.

APPROVED:

_____
VIRGINIA L. HINES
Deputy Chief, Criminal Division

_____
CHRISTOPHER THOMAS CAPLINGER
Defendant

ROBERT J. TROESTER
First Assistant United States Attorney

_____
MIKE EATON
Assistant U.S. Attorney
Western District of Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)

_____
ROBERT W. GRAY
R. SCOTT ADAMS
Attorneys for Defendant