## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.   CR-18-066-SLP |
| | ) | |
| CHRISTOPHER THOMAS CAPLINGER, | ) | |
| a/k/a UC-Cop, | ) | |
| a/k/a Vires, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES MOTION FOR A PRELIMINARY ORDER OF FORFEITURE AND IMPOSITION OF FORFEITURE MONEY JUDGMENT AND BRIEF

The United States of America respectfully submits this Motion for Preliminary Order of Forfeiture and Imposition of Forfeiture Money Judgment pursuant to Federal Rule of Criminal Procedure 32.2(b)(2).   In support of its Motion, the United States submits the following brief:

1.  On November 1, 2018, Defendant Christopher Thomas Caplinger pled guilty to Counts 7 and 9 of the Indictment filed March 20, 2018, charging manufacturing of anabolic steroids, and money laundering conspiracy, Doc. 1.   The Indictment provided notice that the United States intends to seek forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of those offenses, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of those offenses, including but not limited to the following:

    a. Approximately $280,703.00 in U.S. currency;

    b. Approximately $6,840.00 in U.S. currency;

    c. Approximately $200.00 in U.S. currency; and

    d. A money judgment in the amount of $790,000.00 representing the amount of proceeds obtained as a result of the offense.

2.    By Plea Agreement, Mr. Caplinger agreed to forfeit all of his right, title and interest to property (including substitute assets) constituting or derived from proceeds obtained directly or indirectly as a result of the violation. Doc. 86.   The defendant further agreed to entry of a money judgment in the amount of $790,000.00, which represents the proceeds obtained as a result of the offense. *Id.*

3.    Based upon the plea agreement, the United States has established the requisite nexus between the property to which the defendant has pleaded guilty. Accordingly, the property listed above is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853.

4.    The Court's jurisdiction in this matter is founded upon 21 U.S.C. § 853(l), which provides that "[t]he district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section or which has been ordered forfeited under this section."

5.     Federal Rule of Criminal Procedure 32.2 provides, in pertinent part, that:

    (b)(1)(A) As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment

or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.   If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

(b)(1)(B) The Court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.   If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(b)(2)(A) If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.   The court must enter the order without regard to any third party's interest in the property.   Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(b)(2)(B) Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

(b)(2)(C) If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that:

> (i) lists any identified property;

> (ii) describes other property in general terms; and

> (iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

(b)(3) The entry of a preliminary order of forfeiture authorizes the Attorney

3

General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.   The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

6.      Accordingly, the United States seeks the entry of a Preliminary Order of Forfeiture consisting of a personal money judgment against Mr. Caplinger in the amount of $790,000.00 in United States currency.

7.      The entry of a Preliminary Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure.   Fed. R. Crim. P. 32.2(c)(1) and (c)(2).   These orders of forfeiture are commonplace.   *See United States v. McGinty*, 610 F.3d 1242, 1246 (10th Cir. 2010) (stating that government is entitled to a money judgment against the defendant for the money he obtained from his criminal activity) (citing 18 U.S.C. § 982(a)(2)); *United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); *United States v. Candelaria-Silva*, 166 F.3d 19, 42 (1st Cir. 1999) (criminal forfeiture order may take several forms: money judgment, directly forfeitable property, and substitute assets); *United States v. Davis*, 177 F. Supp. 2d 470, 484-85 (E.D. Va. 2001) (same, following *Candelaria-Silva*); *United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985) (because criminal forfeiture is *in personam*, it follows defendant; it is a money judgment

against the defendant for the amount of money that came into his hands illegally; the Government is not required to trace the money to any specific asset); *United States v. Ginsburg*, 773 F.2d 798, 801-02 (7th Cir. 1985) (*en banc)* (criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, "regardless of whether the specific dollars received from that activity are still in his possession"); *United States v. Amend*, 791 F.2d 1120, 1127 (4th Cir. 1986) (same); *United States v. Robilotto*, 828 F.2d 940, 949 (2d Cir. 1987) (following *Conner* and *Ginsburg*; the court may enter a money judgment for the amount of the illegal proceeds regardless of whether defendant retained the proceeds); *United States v. Navarro-Ordas*, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against the defendant for the amount of the illegally obtained proceeds); *United States v. Voigt*, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (the Government is entitled to a personal money judgment equal to the amount of money involved).

8.     Once the Court enters a Preliminary Order of Forfeiture, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the defendant, having a value up to the amount of the money judgment, as substitute assets.   Fed. R. Crim. P. 32.2(e)(1); see also *Candelaria-Silva*, 166 F.3d at 42 (once the Government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment); *Baker*, 227 F.3d at 968 (7th Cir. 2000) (same); *United States v. Numisgroup Intl. Corp*, 169 F. Supp. 2d 133, 136-37 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment,

including a judgment based on the value of the missing proceeds and the value of the missing facilitating property); *United States v. Harrison*, 2001 WL 803695 (N.D. Ill. 2001) (entry of money judgment as part of preliminary order of forfeiture gives Government opportunity later to satisfy the judgment by seeking forfeiture of substitute assets); *Davis*, 177 F. Supp. 2d at 484-85 (if property cannot be forfeited as directly traceable to the offense, it can be forfeited as a substitute asset and used to satisfy the money judgment).

9.      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1), the United States will publish notice, in accordance with the Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, Mr. Caplinger, having or claiming a legal interest in the property must file a petition with the Court (and serve a copy on Wilson D. McGarry, Assistant United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.   The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the

subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

Conclusion

Based on the forgoing, the United States respectfully requests that this Court enter a forfeiture money judgment against Defendant Christopher Thomas Caplinger in the amount of $790,000.00 in United States currency.

The United States also requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the interest of the Defendant Christopher Thomas Caplinger in the following described property, and ordering the United States Marshal's Service and/or the Drug Enforcement Administration to seize and maintain custody of the following forfeited property in accordance with the law:

      a. Approximately $280,703.00 in U.S. currency;

      b. Approximately $6,840.00 in U.S. currency; and

      c. Approximately $200.00 in U.S. currency.

Respectfully submitted,

ROBERT J. TROESTER
First Assistant United States Attorney


/s/ *Wilson D. McGarry*
WILSON D. McGARRY
Assistant U.S. Attorney
Oklahoma Bar No. 31146
210 Park Ave., Suite 400
Oklahoma City, OK 73102
Telephone:   (405) 553-8700
Telecopier:   (405) 553-8885
E-mail:   wilson.mcgarry@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2018, I electronically filed the foregoing Motion for Preliminary Order of Forfeiture with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I hereby certify that on December 7, 2018, I served the attached document by first class mail, certified mail and/or by personal service by the U.S. Marshals Service on the following, who are not registered participants of the ECF System:

Christopher Thomas Caplinger
Defendant


s/ *Wilson D. McGarry*
WILSON D. McGARRY
Assistant U.S. Attorney