# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No.  CR-18-066-SLP |
| | ) |
| CHRISTOPHER THOMAS CAPLINGER, | ) |
|   a/k/a UC-Cop, | ) |
|   a/k/a Vires, | ) |
| | ) |
| Defendant. | ) |

**PRELIMINARY ORDER OF FORFEITURE**
**AND IMPOSITION OF FORFEITURE JUDGMENT**

This cause came before the Court on Plaintiff's Motion for a Preliminary Order of Forfeiture (Doc. No. 102) seeking a preliminary order of forfeiture and imposition of a personal money judgment against the defendant in the amount of $790,000.00.  The Court finds:

As a result of defendant Christopher Thomas Caplinger's guilty plea to Count 7 of the Indictment, for which the United States sought forfeiture pursuant to 21 U.S.C. § 853, defendant shall forfeit to the United States:

      a. Approximately $280,703.00 in U.S. currency;

      b. Approximately $6,840.00 in U.S. currency; and

      c. Approximately $200.00 in U.S. currency.

As a result of defendant Christopher Thomas Caplinger's guilty plea to Count 9 of the Indictment, for which the United States sought forfeiture pursuant to 18 U.S.C. § 982(a)(1), the Court will enter a personal forfeiture money judgment against the defendant in the amount of $790,000.00.  Pursuant to Federal Rules of Criminal Procedure 32.2(b)(2) and 32.2(c)(1), no ancillary proceeding is required.

The Court has determined, based on the plea agreement, that all of the above listed property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853.

Pursuant to Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853, judgment is hereby entered against defendant Christopher Thomas Caplinger and in favor of the United States in the amount of $790,000.00.

The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Preliminary Order of Forfeiture to substitute property having a value not to exceed $790,000.00 to satisfy the money judgment in whole or in part.

The United States may conduct any discovery it considers necessary to identify, locate or dispose of the property subject to forfeiture or substitute assets for such property in accordance with the Federal Rules of Civil Procedure.

This judgment against the defendant shall be recorded in the records of the County Clerk's Office in the county of the defendant's residence and any and all other counties in which the defendant has either real or personal property as a lien thereon in the amount of $790,000.00 until paid in full, as determined by the government.  Upon payment of the

judgment in full, the United States shall file a Satisfaction of Judgment with the District Court and the appropriate Clerk of the County in which any transcript or abstract of the judgment has been filed.

Upon entry of this Order, the United States is authorized to seize the listed property in accordance with Federal Rules of Criminal Procedure 32.2(b)(3):

      a. Approximately $280,703.00 in U.S. currency;

      b. Approximately $6,840.00 in U.S. currency; and

      c. Approximately $200.00 in U.S. currency.

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with Title 21, United States Code, Section 853(n) governing third-party rights, including giving notice of this Order.

The United States shall publish notice, in accordance with the Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, of this order and the United States' intent to dispose of the property in such a manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property, pursuant to Title 21, United States Code, Section 853(n)(1).

Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the

validity of his/her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 21, United States Code, Section 853(n)(2)-(6).

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at sentencing - or before sentencing if the defendant consents - and the court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner=s right, title, or interest in the Subject Property, the time and circumstances of the petitioner=s acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner=s claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n)(3).

The United States shall have clear title to the Subject Property following the Court=s disposition of all third-party interests, or, if none are asserted, following the expiration of the period provided in Title 21, United States Code, Section 853(n) for the filing of third party petitions, pursuant to Title 21, United States Code, Section 853(n)(7).

\#

The Court shall retain jurisdiction to enforce and amend this Order as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

This order is in continuing and full effect until payment of the money judgment amount specified above is made in full.

**IT IS SO ORDERED** this 10th day of December, 2018.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE